IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARLOS RUBEN ZUNIGA, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-470-Y |
| § | |
| KEITH HALL, Warden,[1] § | |
| CI Eden Correctional Institution, § | |
| GREG ABBOTT, Attorney General, § | |
| the State of Texas, § | |
|     Respondents. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Carlos Ruben Zuniga, Reg. No. 34086-177, is a federal prisoner in custody of the Federal Bureau of Prisons in Eden, Texas.

Respondent Keith Hall is the Warden of CI Eden and Greg Abbott is the Attorney General

---

[1] Bruce Pearson is the Warden of FCI-Yahoo City Medium, where Zuniga was previously confined. Zuniga has been transferred to the CI Eden Correctional Institution. Keith Hall, Warden of CI Eden, should be automatically substituted as a Respondent. Accordingly, the clerk of Court is directed to substitute Keith Hall for Bruce Pearson as a Respondent.

of Texas.

## C. Factual and Procedural History

In this petition, Zuniga challenges his state court conviction for aggravated assault with a deadly weapon. On March 22, 1999, pursuant to a plea agreement, Zuniga pled guilty to the offense in exchange for a four-year sentence in the Criminal District Court Number One of Tarrant County, Texas, Case No. 0663364D. (State Habeas R. at 67) Zuniga did not directly appeal his conviction or sentence. (Petition at 3) On August 13, 2007, Zuniga filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on February 13, 2008. *Ex parte Zuniga*, Application No. 69,197-01, at cover. Zuniga filed this federal petition for writ of habeas corpus on August 4, 2008. As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Zuniga has not timely replied.

## D. Issues

Zuniga raises three grounds complaining of ineffective assistance of trial counsel. (Petition, Exhibit A-C)

## E. Statute of Limitations

Quarterman argues that Zuniga's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 2-7) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

limitation period shall run from the latest of–

>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment on Zuniga's plea of guilty became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that Zuniga had for filing a timely notice of appeal on April 21, 1999, and closed one year later on April 21, 2000, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Zuniga's state habeas application, filed on August 13, 2007, over seven years after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Zuniga alleged or demonstrated exceptional

circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Zuniga's federal petition was due on or before April 21, 2000; thus, his petition filed on August 4, 2008, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Zuniga's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 4, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 4, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 11, 2009.

      /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE