IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CARLOS RUBEN ZUNIGA,           §
                               §
VS.                            §   CIVIL ACTION NO.4:08-CV-470-Y
                               §
KEITH HALL, Warden,            §
Eden Correctional Institution, §
NATHANIEL QUARTERMAN,[1] Director,§
T.D.C.J. Correctional          §
Institutions Div.              §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS and,
ALTERNATIVELY, DISMISSING CASE
FOR LACK OF SUBJECT MATTER JURISDICTION
(With special instructions to the clerk of Court)

     In this action brought by petitioner Carlos Ruben Zuniga under

28 U.S.C. § 2254, the Court has made an independent review of the

following matters in the above-styled and numbered cause:

    1.   The pleadings and record;

    2.   The proposed findings, conclusions, and recommendation of
         the United States magistrate judge filed on February 11,
         2009;

    3.   The respondent's written objections to the proposed
         findings, conclusions, and recommendation of the United
         States magistrate judge filed on February 25, 2009; and

    4.   The petitioner's written objections to the proposed
         findings, conclusions, and recommendation of the United
         States magistrate judge filed on March 5, 2009.

     The Court, after **de novo** review, concludes that the Peti-

tioner's objections must be overruled to the extent that the

petition for writ of habeas corpus should be dismissed with

prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2),

for the reasons stated in the magistrate judge's findings and

_____

    [1]Nathaniel Quarterman, Director, TDCJ, Correctional Institutions division
should be substituted for Greg Abbott, as a second respondent. The clerk of Court
is directed to make this change on the docket.

conclusions; and that Respondent's objections must be sustained only to the extent that the petition for writ of habeas corpus should be alternatively dismissed for lack of jurisdiction, for the reasons stated in pages 2-4 of the Respondent's written objections.[2]

Therefore, the Court concludes that the petition for writ of habeas corpus must be dismissed for lack of subject matter jurisdiction.

Further, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED to the extent the Court concludes that the petition for writ of habeas corpus must alternatively be dismissed with prejudice as barred by the applicable limitations period.

Carlos Ruben Zuniga's petition for writ of habeas corpus is DISMISSED for lack of subject-matter jurisdiction and, alternatively, DISMISSED WITH PREJUDICE as barred by the applicable limitations period.

SIGNED March <u>11</u>, 2009.

_Terry R. Means_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2]The respondent did not raise the claim of lack of subject-matter jurisdiction in the initial response or in any manner while the case was referred to the magistrate judge. As this Court has a continuing obligation to consider its subject-matter jurisdiction, these arguments, although just raised to the Court, must be considered.